UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WILLIAMS,

      Plaintiff,                              CIV. NO. 14-13787

      v.                                   HON. TERRENCE G. BERG

MD HELICOPTERS, INC., an
Arizona corporation, HELICOPTER
TECHNOLOGY CO., a California
corporation, and HENKEL CORP.,
a Delaware corporation,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS MD HELICOPTERS, AND HELICOPTER TECHNOLOGY'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DKTS. 7 & 11) AND DENYING DEFENDANT HENKEL'S MOTION FOR SUMMARY JUDGMENT (DKT. 24)**

This product liability case arises from the crash of a helicopter in Somerset, England. Plaintiff Kevin Williams ("Plaintiff"), who piloted the helicopter and suffered serious injuries from the crash, is a citizen of the United Kingdom, though he currently lives in Ohio. Plaintiff alleges that Defendants MD Helicopters, Inc. and Helicopter Technology, Co (the "Helicopter Defendants") are liable for design defects in the helicopter's tail rotor which, according to Plaintiff, caused the crash. Plaintiff alleges that Defendant Henkel, Corp. ("Defendant Henkel") is liable for its production of a cleansing product, called Alumiprep 33, that was meant to reduce corrosion on the tail rotor, but failed to do so, thus contributing to the crash.

The Helicopter Defendants have moved to dismiss the Complaint for lack of personal jurisdiction pursuant to under Fed. R. Civ. P. 12(b)(2) (Dkts. 7 & 11). Defendant Henkel has moved for summary judgment on the grounds that, because Plaintiff served the summons and complaint on Henkel's resident agent in Ohio (rather than serving Henkel's resident agent in Michigan), service of process was defective and, in the absence of effective service, the statute of limitations has run.

For the reasons set forth below, the Helicopter Defendants motions to dismiss for lack of personal jurisdiction are **GRANTED**, and the Complaint against them is **DISMISSED WITHOUT PREJUDICE**. Defendant Henkel's motion for summary judgment is **DENIED**.

## I.  BACKGROUND

On June 18, 2014, Plaintiff, a citizen of the United Kingdom, filed a Complaint in the Circuit Court for Oakland County, Michigan (Dkt. 1, Ex. A, Compl.). Defendants then timely removed the action to this Court (Dkt. 1, Notice of Removal). The Complaint alleges that on June 19, 2011, Plaintiff was piloting an MD 369E helicopter, bearing UK registration G-KSWl, when the aircraft's tail rotor suddenly failed, causing the helicopter to crash near Glastonbury, Somerset, United Kingdom (Compl., Count I ¶¶ 4,6). Plaintiff advances claims of strict liability and negligence against Defendants MD Helicopters, Inc., Patriarch Partners, LLC[1],

---

[1] On December 17, 2014, the parties stipulated to the dismissal of the Complaint against Defendant Patriarch Partners, LLC without prejudice (Dkt. 23).

2

Helicopter Technology Co., Aerometals, Inc.[2], and Henkel Corp. (*Id*. at Counts I-VIII).

Defendant Helicopter Technology, Co. is a California corporation, with its principal place of business in California. Defendant MD Helicopters, Inc. is an Arizona corporation, with its principal place of business in Arizona. The record before the Court indicates that the Helicopter Defendants conducted the following business in Michigan. As to Defendant MD Helicopters, since at least 2009 it has sold almost $140,000 worth of goods and services to Michigan residents or entities (Dkt. 35, Ex. B, MD's Answers to Interrogatories, Nos. 9, 24); purchased products and services from 21 different Michigan entities (*Id*. no. 24); provided helicopter maintenance training services to the Monroe County Sheriff (*Id*. No. 17); and solicited and marketed, but apparently never consummated, the sale of a helicopter to the Detroit Police Department (*Id*. No. 16).

As to Defendant Helicopter Technologies, from at least 2003 to 2014 it sold rotor blades to Michigan residents or entities, including three sales over a four-month period in 2014; its sales to Michigan residents total approximately $130,000 (Dkt. 36, Ex. C).

Defendant Henkel apparently operates a large manufacturing facility in Michigan and does not contest the fact that it is subject to this Court's personal jurisdiction. For its part, however, Defendant Henkel moves for summary

---

[2] On November 12, 2014, Plaintiff voluntarily dismissed Defendant Aerometals, Inc. without prejudice (Dkt. 17).

judgment, arguing that the Michigan summons was improperly served on its resident agent in Ohio, and that the state summons has consequently expired and the statute of limitations run on Plaintiff's claims.

## II. ANALYSIS

### A. *Motion to Dismiss for Lack of Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the defendant. *See Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002); *see also Children's Legal Services, PLLC v. Shor Levin and Derita, PC,* 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012). In ruling upon a motion to dismiss for lack of personal jurisdiction, the district court has three procedural alternatives: "[it] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In this case, the Court permitted Plaintiff to take discovery.

"[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Children's Legal Servs.*, 850 F. Supp. 2d at 679 (citing *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)). When, as here, the district court allows discovery on the motion, the court should consider the facts offered by both parties and rule according to the preponderance of

4

the evidence. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014).

### B. The Helicopter Defendants are Not Subject to the Personal Jurisdiction of this Court

In a diversity case, as here, personal jurisdiction over a defendant is proper only if it comports with the requirements of the state long-arm statute and federal constitutional due process. *See Children's Legal Servs.*, 850 F. Supp. 2d at 679 (E.D. Mich. 2012); *see also* Mich. Comp. Laws §§ 600.711, 600.715. The Sixth Circuit has held that "[w]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Children's Legal Servs.*, 850 F. Supp. 2d at 679 (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 477 (6th Cir. 2003)). "The Michigan Supreme Court has construed Michigan's Long-Arm Statute to bestow the broadest possible grant of personal jurisdiction consistent with due process." *Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). In Michigan, personal jurisdiction over corporations may be general, *see* Mich. Comp. Laws § 600.711, or specific, *see* Mich. Comp. Laws § 600.715. In his responses to the Helicopter Defendants' motions to dismiss, Plaintiff states that he is not arguing that the Court has specific jurisdiction over the Helicopter Defendants, and argues only that the Court has general jurisdiction over the Helicopter Defendants (Dkts. 35 & 36, at 1 ¶¶ 1, 2).

General personal jurisdiction is jurisdiction for all purposes. Michigan law provides for general personal jurisdiction over a corporation that is (1) incorporated in Michigan, (2) has consented to jurisdiction in Michigan, or (3) carries on a "continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.711. It is undisputed that the Helicopter Defendants are not incorporated in Michigan, nor have they not consented to the jurisdiction of this Court, so this Court can only exercise general personal jurisdiction over them if the Helicopter Defendants have been carrying on a "continuous and systematic part of [their] general business within the state." *Hige v. Turbonetics Holdings, Inc.*, 662 F. Supp. 2d 821, 827 (E.D. Mich. 2009).

The question, then, is whether the business conducted by the Helicopter Defendants in Michigan is "continuous and systematic." The record before the Court, and the relevant case law, indicates that it is not. Indeed, Plaintiff's counsel conceded during oral argument that this case could not be distinguished from several Supreme Court decisions declining to exercise general jurisdiction over a foreign defendant, including *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) and *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, 187 L. Ed. 2d 624 (2014). In both of those cases, the party challenging general personal jurisdiction conducted considerably more business in the forum state than the Helicopter Defendants did in Michigan, and yet the Supreme Court found them not to have had continuous and systematic business operations sufficient to support general jurisdiction. Plaintiff is unable to distinguish the

6

authority of these cases, and is bound thereby. Therefore, the Helicopter Defendants motions to dismiss are granted, and the Complaint against them is dismissed without prejudice.

### C. *Defendant Henkel Was Properly Served*

Defendant Henkel filed a motion for summary judgment (Dkt. 24) arguing that Plaintiff's service of the summons and complaint on Henkel's resident agent in Ohio (rather than in Michigan) was defective, and that the three-year statute of limitations has since run.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. Proc. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The relevant procedural history in this case is as follows. On June 18, 2014, Plaintiff, then *in pro per*, filed this lawsuit in the Oakland County Circuit Court (Case No. 2014-141437-NP) (Dkt. 1, Ex. A). Plaintiff did not initially obtain summonses when he filed his Complaint on June 18, 2014. Plaintiff's attorney had

summonses issued from the state court on August 25, 2014, which expired on September 17, 2014 (Dkt. 24, Ex. 3).

On September 5, 2014, Plaintiff obtained an Order extending the summonses to November 17, 2014 (Dkt. 1, Ex. 8). On September 9, 2014, Plaintiff served the Complaint on Henkel through its resident agent in Columbus, Ohio[3] rather than serving its resident agent in East Lansing, Michigan (Dkt. 24, Ex. 4, Ohio Proof of Service). It does not appear that Plaintiff made any attempt to serve Defendant Henkel through its resident agent in East Lansing, Michigan (Dkt. 24, Ex. 5) and on September 19, 2014, Plaintiff filed the Ohioan return of service in the Oakland County Circuit Court. Defendants removed the case to this Court on October 1, 2014, on the basis of diversity jurisdiction (Dkt. 1). The extended (Michigan State Court) Summons expired on November 17, 2014.

The relevant Michigan Court Rule reads as follows: "Service of process on a domestic or foreign corporation may be made by (1) serving a summons and a copy of the complaint on an officer or the resident agent…" Mich. Ct. R. 2.105 (D). There is no dispute that Plaintiff served Defendant Henkel's resident agent, he just served the resident agent in Columbus, Ohio as opposed to the resident agent in East Lansing, Michigan. Defendant Henkel's resident agent in Ohio and Michigan are, incidentally, the same company – CSC Lawyers Incorporating Service. Defendant

---

[3] During oral argument, Plaintiff's counsel indicated that his administrative assistant called the Michigan Secretary of State to inquire about the location of Defendant Henkel's resident agent, and was given an address in Columbus, Ohio. Based upon this information, Plaintiff served the summons and complaint in Ohio. There is, however, no question that Defendant Henkel received actual notice of this lawsuit, and filed timely responsive pleadings, and its counsel admitted this fact during oral argument.

8

Henkel has not pointed to any case indicating that service of process on a corporation's resident agent in another state is somehow defective. Moreover, the plain language of the relevant court rule contemplates service on "the resident agent," not on the resident agent in the state of the suit.

Defendant Henkel argues that other sections of the Michigan Court Rule provide support for its position that "resident agent" should be interpreted to mean only the resident agent for the State of Michigan. Specifically, Defendant Henkel maintains that the language of MCR 2.105(D)(4) – which allows for service by registered mail to "the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services" under circumstances where a company has failed to appoint a resident agent and has failed to file its certificate "of that appointment" – suggests that the term "resident agent" should mean only a resident agent appointed according to a certificate on file with the State of Michigan.

The Court rejects this reading of the Rule for three reasons. First, neither party can point to any Michigan case law, and the Court can find none, supporting such a narrow construction of the Rule. Second, subsection (4) of MCR 2.105(D), by referencing the "Michigan Bureau of Commercial Services" shows that the drafters of the Rule knew how to limit the rule's application explicitly to Michigan entities when they intended to do so. Third, it is clear that the overarching purpose of the service requirements of MCR 2.105(D) is to provide notice to a company that is being sued, not to preserve and protect the industry of Michigan-registered resident

9

agents. Defendant Henkel's resident agent in Ohio (the same agent registered to receive process in Michigan) received service and Defendant Henkel had notice of this suit and opportunity to respond. Under these circumstances, the Court will not grant summary judgment to Defendant Henkel founded on a cribbed reading of MCR 2.105(D).

The Court finds that service of process was proper, and Defendant Henkel's motion for summary judgment is denied.

### III. CONCLUSION

For the reasons set forth above, the Helicopter Defendants' motions to dismiss for lack of personal jurisdiction (Dkts. 7 & 11) are **GRANTED**, and the Complaint against them is **DISMISSED WITHOUT PREJUDICE**. Defendant Henkel's motion for summary judgment (Dkt. 24) is **DENIED**.

**IT IS SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 28, 2015, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager